UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL J. MULLINER, | CASE NO. C05-1710-MJP |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Daniel J. Mulliner proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance (DI) benefits and Supplemental Security Income (SSI) benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it is recommended that this matter be REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1952.[1]  He completed high school, where he was in a

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

remedial program. Plaintiff has vocational training in custodial work and computer programming. He previously worked as a janitor, delivery driver, and van driver.

Plaintiff applied for SSI in May 2002 and for DI in June 2002, alleging disability since May 5, 2001 due to bipolar disorder and major depressive disorder. His insured status did not expire before the ALJ rendered a decision in this case. Plaintiff's application was denied initially and on reconsideration, and he timely requested a hearing.

ALJ Arthur Joyner held a hearing on September 30, 2004, taking testimony from plaintiff, medical expert Dr. C. Richard Johnson, and vocational expert Linda Tanouye. (AR 287-325.) ALJ Joyner issued a decision finding plaintiff not disabled on March 17, 2005. (AR 15-25.)

Plaintiff timely appealed. On September 14, 2005, the Appeals Council denied plaintiff's request for review (AR 6-9), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since his alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's depression and personality disorder with passive/dependent features severe, but found insufficient evidence to support a diagnosis of bipolar disorder. Step three asks whether a claimant's

01 impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not
02 meet or equal the criteria for any listed impairments. If a claimant's impairments do not meet or
03 equal a listing, the Commissioner must assess RFC and determine at step four whether the
04 claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able
05 to perform his past relevant work. If a claimant demonstrates an inability to perform past relevant
06 work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains
07 the capacity to make an adjustment to work that exists in significant levels in the national
08 economy. Finding plaintiff not disabled at step four, the ALJ did not proceed to step five.

09 This Court's review of the ALJ's decision is limited to whether the decision is in
10 accordance with the law and the findings supported by substantial evidence in the record as a
11 whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more
12 than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable
13 mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750
14 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's
15 decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.
16 2002).

17 Plaintiff argues in his opening brief that the ALJ rendered an incomplete and/or inconsistent
18 formal RFC assessment, erroneously rejected the bipolar diagnosis and opinions of treating
19 physician Dr. Ron Cohen, failed to account for the totality of the opinions of non-examining
20 physicians whose opinions he generally endorsed – including the opinions of state-agency
21 psychologist Dr. R. Eisenhauer and medical expert Dr. Johnson, and impermissibly applied the
22 "substantial evidence" standard of appellate review. He requests remand for an award of benefits

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01 or, alternatively, for further administrative proceedings.

02 In response, the Commissioner requests remand for further administrative proceedings. 03 The Commissioner asserts the need for the ALJ to reconsider all medical source opinions of 04 record, update plaintiff's medical records, obtain statements from plaintiff's treating physicians 05 articulating his ability to perform routine work-related activities, and develop the medical record 06 further as necessary. The Commissioner maintains that the record in this case does not compel 07 an award of benefits. She asserts that the ALJ cited clear and convincing reasons for doubting 08 disability, that Dr. Johnson credibly rejected the diagnosis of bipolar disorder, that the ALJ should 09 have more thoroughly evaluated the opinions of Dr. Eisenhauer, and that, since remand is called 10 for in any event, all of the medical evidence should be revisited.

11 In reply, noting that the Commissioner failed to mention Dr. Cohen by name or address 12 any arguments associated with Dr. Cohen, plaintiff argues that the Court should hold that plaintiff 13 was clearly disabled in light of this treating physician's opinions. He points in particular to Dr. 14 Cohen's determination that plaintiff met Listing 12.04 (affective disorders) (AR 226), and his 15 finding of marked limitations of mental abilities in three areas, including one which the vocational 16 expert opined would result in a "very limited ability to maintain competitive employment (*see* AR 17 224-25 (Dr. Cohen found plaintiff markedly limited in, *inter alia*, responding appropriately to 18 changes in a routine work setting) and AR 323 (vocational expert testified that a person with a 19 marked limitation in this area "would have a very limited ability to maintain competitive 20 employment.")) Alternatively, plaintiff asserts that the Court should, at a minimum, order the ALJ 21 to properly evaluate Dr. Cohen's opinions on remand, as well as provide guidance on other issues 22 raised, including that substantial evidence does not support any finding that he did not have

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

significant non-exertional (mental) limitations, the ALJ's failure to account for the totality of Dr. Eisenhauer's opinions, and the requirement that the ALJ apply the "preponderance of the evidence" burden of proof. Plaintiff states that more detailed guidance from the Court will make it less likely that the ALJ will make the same errors on remand.

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari* 298 F.3d 1072, 1076 (9th Cir. 2002).

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77.

Plaintiff's argument that benefits should be awarded in this case hinges on crediting the opinions of Dr. Cohen as true. "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the Court credits] that opinion as 'a matter of law.'" *Lester v. Chater*, 81 F.3d 821, 830-34 (9th Cir. 1995) (finding that, if doctors' opinions and plaintiff's testimony were credited as true, plaintiff's condition met a listing) (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)). Crediting an opinion as a matter of law is appropriate when, taking that opinion as true, the evidence supports a finding of disability. *See, e.g., Schneider v. Commissioner of Social Sec. Admin.*, 223 F.3d 968, 976 (9th Cir. 2000) ("When the lay evidence that the ALJ rejected is given the effect required by the federal regulations, it becomes clear that the severity of [plaintiff's] functional limitations is sufficient to meet or equal

[a listing.]"); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (ALJ's reasoning for rejecting subjective symptom testimony, physicians' opinions, and lay testimony legally insufficient; finding record fully developed and disability finding clearly required). However, courts retain flexibility in applying this "'crediting as true' theory." *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there were insufficient findings as to whether plaintiff's testimony should be credited as true). As stated by one district court: "In some cases, automatic reversal would bestow a benefits windfall upon an undeserving, able claimant." *Barbato v. Commissioner of SSA*, 923 F. Supp. 1273, 1278 (C.D. Cal. 1996) (remanding for further proceedings where the ALJ made a good faith error, in that some of his stated reasons for rejecting a physician's opinion were legally insufficient).

While not directly addressing Dr. Cohen, the Commissioner's brief can be read as indirectly addressing this issue by pointing to the opinions of Dr. Johnson, who disagreed with Dr. Cohen's bipolar diagnosis and found a diagnosis of passive dependent personality disorder more fitting. (AR 315.) In explaining the basis for his diagnosis, Dr. Johnson stated:

> The basis for that diagnosis is the pattern that I – admittedly, the record is rather thin, and there's not a lot of information about past history it that [stet]. But it would seem that from my reading of the record that his symptoms are situational usually. It's repeated in the record about problems with his wife and divorce. There's also, and I failed to mention this, You Honor, was there's a history of alcohol abuse and dependency in here, which apparently is in remission. I haven't heard testimony or seen that mentioned recently in the record.
>
> . . .
>
> So, as I was saying, I think the symptoms are, as a read in the record, fairly situational.

SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01 (AR 316.)  In response to questions from counsel regarding plaintiff's testimony that he does not

02 bathe for a week at a time and was living out of a campsite, Dr. Johnson stated: "Well, he's taking

03 care of himself.  It takes something to live out of a campsite, and he's able to manage that.  I think

04 he would be certainly able to bathe if he had the facilities."; and "I think in this case [plaintiff's

05 decision to not bathe even before he began living in a campsite is] more of choice than a product

06 of mental illness."  (AR 316-17.)  He agreed with the description of this behavior as "volitional"

07 and opined that it was a "part of his passive dependency[.]" (AR 317.)

08    In considering this evidence the ALJ found as follows:

09 [T]he undersigned finds that there is insufficient evidence to support a diagnosis of bipolar disorder.  Although Drs. Cohen and Cavenee both advanced this diagnosis,
10 the undersigned agrees with Dr. Johnson that is little [stet] or no evidence in the record to support this diagnosis beyond the claimant's subjective reports.  There is
11 little or no objective evidence demonstrating symptoms of hypomania, characterized by inflated self-esteem or grandiosity, decreased need for sleep, pressure of speech,
12 flight of ideas, distractibility, increased involvement in goal-directed activities or psychomotor agitation, and excessive involvement in pleasurable activities that have
13 a high potential for painful consequences.  *Diagnostic and Statistical Manual of Mental Disorders* – IV (DSM-IV), § 296.89.  Indeed, beyond noting slight pressured
14 speech, Dr. Cavenee's assessment utterly fails to delineate any symptoms consistent with a bipolar diagnosis, appearing instead to parrot the claimant's report that he has
15 had "bipolar disorder for about two years."

16 Although there is insufficient evidence to establish a bipolar disorder diagnosis, the undersigned gives considerable weight to Dr. Johnson's diagnosis of Dependent
17 Personality Disorder with passive traits.  Dr. Johnson not only had the opportunity to review the entire record, but also identified that the claimant's symptoms "seem
18 situational" and related to his current setbacks involving marital dissolution, unemployment, and financial stress.  Moreover, Dr. Johnson testified that the
19 claimant's lack of bathing appeared to be volitional and related to the passive features of this diagnosis.  The undersigned notes the record reveals the claimant's apparent
20 need to be taken care of, including being financially supported by his wife for years, and his reluctance to obtain employment or find a more suitable living situation.
21 *DSM-IV* § 301.6.

22

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

(AR 20 (internal citations to record omitted.))

The ALJ also addressed the marked limitations assessed by Dr. Cohen, as compared to the mild and moderate limitations assessed by Drs. Johnson and Eisenhauer, stating:

> Based on the consistency in Dr. Johnson's and Dr. Eisenhauer's opinions, the undersigned finds that the claimant has only "moderate" or "mild" restrictions in his activities of daily living, social functioning, and concentration pace and persistence. These opinions are from acceptable medical sources with the undersigned further noting that Dr. Johnson had the benefit of reviewing the entire record. Moreover, these assessments are consistent with the claimant's own testimony that he often visits friends, is able to keep medical appointments, packs his garbage out of his campsite and keeps his tent organized, and often works on his bike. In contrast, there is insufficient evidence in the record establishing "marked" restrictions in functioning, defined in the regulations as representing a level of restriction that seriously interferes with the ability to function independently, appropriately, and effectively. 12.00.C. Here, even though the claimant's current living situation is unconventional, he is nevertheless functioning independently and relatively effectively given his circumstances. Moreover, there is no evidence to support Dr. Cohen's finding of "four or more" episodes of decompensation. The claimant has never been hospitalized, voluntarily or involuntarily, for his mental condition, and outpatient psychiatric consult notes consistently report his cognition to be "grossly intact" and his thought processes to be tight, organized, and coherent. Under the regulations, four or more episodes of decompensation represent a degree of limitation that is incompatible with the ability to do any gainful activity. § 20 CFR 404.1520a(c)(4) & 416.920(c)(4). As will be discussed more fully below, the claimant is capable of gainful activity.

(AR 20a.)[2]

The undersigned does not find plaintiff's argument for an award of benefits persuasive. As demonstrated by the above excerpts from the record, the ALJ discussed at length his reasons for rejecting the opinions of Dr. Cohen, including his reliance on the testimony of Dr. Johnson. It is not clear either that Dr. Cohen's opinions should be accepted as true or that it is otherwise

---

[2] This page of the ALJ's decision was not available when the record in this case was certified on November 8, 2005 and is hereby designated page "20a."

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

apparent from the record that the ALJ would be required to find plaintiff disabled. On that note, the vocational expert's testimony that an individual with one of the marked restrictions assessed by Dr. Cohen "would have a very limited ability to maintain competitive employment" does not rule out any employment whatsoever.

However, the ALJ should reassess Dr. Cohen's opinions on remand. In particular, the ALJ should again confront the contrasting opinions of Drs. Cohen and Johnson as to a bipolar diagnosis, as well as Dr. Johnson's testimony that the evidence in support of a personality disorder diagnosis was "rather thin" (AR 316). Additionally, as noted by plaintiff, should the ALJ again intend to rely on a medical textbook in considering this condition (*see* AR 20), such textbook must be first proffered to plaintiff for his review. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) ("And the Hearing Examiner, who was not qualified as a medical expert, should not have gone outside the record to medical textbooks for the purpose of making his own exploration and assessment as to claimant's physical condition.")

The ALJ should also, as suggested by the Commissioner, reconsider all medical source opinions of record, update plaintiff's medical records, obtain statements from plaintiff's treating physicians articulating his ability to perform routine work-related activities, and develop the medical record further as necessary. Such assessment should, as argued by plaintiff, include consideration of the totality of the opinions of Drs. Eisenhower and Johnson.

Plaintiff also took issue with the "formal" RFC finding limiting him solely to medium exertional work at page 24 of the decision, as contrasted with the RFC finding within the body of the decision, which included mild or moderate non-exertional limitations restricting interactions with the public and co-workers. (*See* AR 23-24.) Given the detailed discussion within the body

of the decision, this discrepancy appears to have been an unintended omission. The ALJ should ensure on remand that his formal RFC finding corresponds to the finding within the body of the decision.

Finally, the undersigned disagrees that the ALJ applied the "substantial evidence" standard in this case. Although the ALJ did use that phrase in his decision, it is not at all clear that he applied the standard in considering the evidence. In any event, this Report and Recommendation clarifies that the ALJ should apply the appropriate standard in reconsidering the evidence.

## CONCLUSION

For the reasons set forth above, this matter should be REMANDED for further administrative proceedings.

DATED this 7th day of June, 2006.

Mary Alice Theiler
United States Magistrate Judge